IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEONARD TUCKER, SR., AIS # 307085, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NOS. 2:26-CV-632-WKW<br>2:26-CV-633-WKW<br>[WO] |
| CAPTAIN NOLAN, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**A. 2:26-CV-632-WKW (Lead Case)**

Plaintiff Michael Leonard Tucker, Sr., an inmate proceeding *pro se*, initiated the lead case in this consolidated action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1), an application for leave to proceed *in forma pauperis* (Doc. # 2), and his prisoner trust fund account statement (Doc. # 3). Based on the financial information submitted by Plaintiff in the lead case, an initial partial filing fee of $22.70 was assessed on August 4, 2026. (Doc. # 4 ("August 4 Order").) The August 4 Order set a deadline of August 25, 2026, for Plaintiff to pay the initial partial filing fee and expressly cautioned that his failure to do so would result in dismissal of this action. (Doc. # 4 at 2, 5.) To date, Plaintiff has not paid the $22.70 initial partial filing fee as directed.

Because Plaintiff has failed to comply with the August 4 Order, the lead case, 2:26-CV-632-WKW, is due to be dismissed without prejudice. A district court "may

dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **September 15, 2026**, why this action should not be dismissed without prejudice for his failure to pay the $22.70 initial partial filing fee as directed.

It is Plaintiff's responsibility to submit the appropriate paperwork to the prison account clerk for transmission of funds to the court for payment of the initial partial filing fee. To aid Plaintiff and those persons having custody of Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to furnish a copy of this Memorandum Opinion and Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that no funds may be taken from

Plaintiff's account for payment of the initial partial filing fee without permission of Plaintiff either by his request for the payment or his written agreement to pay the fee.

If funds have been dispersed from Plaintiff's account in the time since his initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account. If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee.

Plaintiff is CAUTIONED that his failure to comply with any provision of this Memorandum Opinion and Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

**B. <u>2:26-CV-633-WKW (Member Case)</u>**

Plaintiff initiated the member case in this consolidated action by filing a 42 U.S.C. § 1983 complaint nearly identical to the complaint filed in the lead case. (*See* Doc. # 1.) In initiating this action, he similarly filed an application for leave to proceed *in forma pauperis* (Doc. # 2) and his prisoner trust fund account statement (Doc. # 3). By Order dated August 5, 2026, Plaintiff's two cases were consolidated. (Doc. # 6.) His *in forma pauperis* application in this case remains pending. (Doc. # 2.)

Plaintiff also must pay an initial partial filing fee in the member case, 2:26-CV-633. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016) ("It is undisputed that the initial

partial filing fee is to be assessed on a per-case basis, *i.e.*, each time the prisoner files a lawsuit."). Under 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action or on appeal must pay the full amount of the required filing fee. When an inmate lacks funds to pay the entire filing fee at the outset but has some money available to him, the court must assess and collect an initial partial filing fee.[1]

Plaintiff has submitted financial information reflecting the balance in and deposits to his inmate account during the six-month period leading up to his filing the complaint. (Doc. # 3.) This information reveals that Plaintiff currently lacks funds to pay the $350 filing fee in full. Nevertheless, for the relevant period immediately preceding the filing of the complaint, the average deposit to Plaintiff's account was $113.50. Thus, under 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee of $22.70 (20 percent of $113.50).

Accordingly, it is ORDERED that, on or before **September 15, 2026**, Plaintiff must pay $22.70 to the Clerk of this Court as an initial partial filing fee **<u>in his member case, 2:26-cv-633-WKW</u>**. It is Plaintiff's responsibility to submit the appropriate paperwork to the prison account clerk for transmission of funds to the court for payment of the initial partial filing fee. If funds have been dispersed from Plaintiff's account since the filing of this case and the funds are no longer available to him,

[1] The initial partial filing fee is 20 percent of the greater of the average monthly deposits to or the average monthly balance in the inmate's account for the six-month period before a complaint is filed. *See* 28 U.S.C. § 1915(b)(1)(A)–(B).

Plaintiff must inform the court and arrange for payment of the fee upon receipt of additional funds in his account. If Plaintiff is unable to pay the initial partial filing fee in the time allowed by this Memorandum Opinion and Order, he must inform the court and request an extension of time to pay the fee.

In accordance with 28 U.S.C. § 1915(b)(2), it is further ORDERED:

(1) Plaintiff will make monthly payments of 20 percent of each preceding month's income and/or funds credited to his account as payments toward the $350 filing fee; and

(2) Persons having custody of Plaintiff will forward the payments from Plaintiff's account to the Clerk of this Court each time his account exceeds $10 until the $350 filing fee is paid in full.

To aid Plaintiff and those persons having custody of Plaintiff in complying with this Memorandum Opinion and Order, the Clerk of Court is DIRECTED to furnish a copy of this Memorandum Opinion and Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that no funds may be taken from Plaintiff's account for payment of the initial partial filing fee without permission of Plaintiff either by his request for the payment or his written agreement to pay the fee.

It is further ORDERED that, except to the extent payment of the filing fee is required by this Order under 28 U.S.C. §§ 1915(b)(1) and (2), Plaintiff is GRANTED leave to proceed *in forma pauperis* in his member case, 2:26-cv-633-WKW.

**If this case is dismissed for any reason, Plaintiff remains obligated to pay the $350 filing fee.** The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to this court by those persons having custody of Plaintiff pursuant to the directives in this Memorandum Opinion and Order. **Moreover, regardless of any filing fee or portion of filing fee that may have been paid, under 28 U.S.C. § 1915(e)(2)(B)(i)–(iii), the court will dismiss this case before service of process if the court determines it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.** If Plaintiff does not wish to proceed with this case on these terms, he may voluntarily request dismissal and request that no filing fee be collected. Although a plaintiff may voluntarily dismiss an action without a court order at any time prior to the defendant's service of an answer or a motion for summary judgment, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), a request by Plaintiff for a voluntary dismissal that also requests that no filing fee be collected must be filed within **14 days** of this Memorandum Opinion and Order.

Additionally, if Plaintiff files a notice of appeal, he will likewise be required to pay the appellate filing fee, which is currently $605.00. If Plaintiff has the necessary funds to pay the $605 filing fee when he files a notice of appeal, he must pay that amount to the court with the notice of appeal. If the required funds are not available and Plaintiff seeks to proceed *in forma pauperis* on his appeal, he must complete an affidavit in support of that request and supply the court with a certified copy of his prison account statement for the six-month period preceding the filing of the appeal. However, regardless of this court's determination on his *in forma pauperis* motion, the entire appellate filing fee will be collected from those persons having custody of him from funds available in his prison account in a manner similar to that outlined in this Memorandum Opinion and Order.

Plaintiff must inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address within **14 days** following a change of address. Plaintiff is CAUTIONED that his failure to comply with any provision of this Memorandum Opinion and Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 1st day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE