IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEONARD TUCKER, SR., | ) | |
| AIS # 307085, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-632-WKW |
| | ) | |
| CAPTAIN NOLAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Michael Leonard Tucker, Sr.'s motion for an extension of the deadline to pay his initial partial filing fee. (Doc. # 12.) For the reasons to follow, the motion will be denied.

### A. Background

On August 3, 2026, the court received and docketed a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate proceeding *pro se*.[1] (Doc. # 1.) Along with his complaint, Plaintiff filed an application for leave to proceed *in forma pauperis* (Doc. # 2) and his prisoner trust fund account statement (Doc. # 3). Based on the

[1] That same date, the court received and docketed another 42 U.S.C. § 1983 complaint filed by Plaintiff. *See Tucker v. Crow et al.*, No. 2:26-cv-633-WKW-CWB (M.D. Ala. docketed Aug. 3, 2026). By Order dated August 5, 2026, this case and 26cv633 were consolidated. (Doc. # 6.) On September 21, 2026, the consolidation Order was vacated, and Plaintiff's cases were severed. (Doc. # 7.)

financial information submitted by Plaintiff, an initial partial filing fee of $22.70 was assessed on August 4, 2026. (Doc. # 4 ("August 4 Order") at 2.) The August 4 Order set a deadline of August 25, 2026, for Plaintiff to pay the initial partial filing fee and expressly cautioned that failure to do so would result in dismissal of this action. (Doc. # 4 at 2, 5.)

The deadline imposed by the August 4 Order passed, and Plaintiff did not pay the initial partial filing fee as directed. In a Memorandum Opinion and Order issued on September 1, 2026, Plaintiff was instructed to show cause why this action should not be dismissed for his failure to pay the initial partial filing fee. (Doc. # 6 ("September 1 Mem. Op. & Order") at 2.) The September 1 Mem. Op. & Order set a deadline of September 15, 2026, and warned Plaintiff that his failure to comply would result in dismissal. (Doc. # 6 at 2, 3.) Because Plaintiff did not pay his initial partial filing fee or show cause for his failure to do so, this action was dismissed without prejudice on September 21, 2026. (Doc. # 8.) Final judgment was entered that same date. (Doc. # 9.)

### B. Plaintiff's Motion for an Extension of the Deadline to Pay His Initial Partial Filing Fee

On November 12, 2026, the court received and docketed Plaintiff's motion for an extension of the deadline to pay his initial partial filing fee. (Doc. # 12.) Plaintiff dated his motion September 28, 2026. (Doc. # 12.) Even giving Plaintiff

the benefit of the prison mailbox rule,[2] the motion, dated 13 days after the expiration of the show-cause deadline, is untimely. Additionally, the court received Plaintiff's initial partial filing fee on November 9, 2026. (Doc. # 11.) Therefore, Plaintiff's motion is moot.

## C. **<u>Conclusion</u>**

Based on the foregoing, it is ORDERED that Plaintiff's motion for an extension of the deadline to pay his initial partial filing fee (Doc. # 12) is DENIED as moot.

This case remains CLOSED.

DONE this 17th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).